IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-13-MJ-47 |
| | § | |
| ROMAN PENA GARZA | § | |

### ORDER OF DETENTION

On September 10, 2013, this Court conducted a Detention Hearing in the above-styled and numbered cause; the Government had moved for the Defendant's detention pursuant to 18 U.S.C. §3142(f)(1)(E). The Government offered the testimony of Michael Henson, a member of the Dickinson Police Department assigned to the Drug Enforcement Agency (D.E.A.) Task Force; the Defendant offered no evidence except for a proffer concerning the testimony of **Pena Garza**'s wife. The Court also made the Pretrial Services report, which recommended, *inter alia*, bond in the amount of $100,000.00/$10,000 cash deposit. Having now considered all of the evidence the Court issues the following findings of fact and conclusions of law.

The Court **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), that the following facts are established by clear and convincing evidence and require the detention of **Pena Garza** in this case:

1. That pursuant to the complaint, there is probable cause to believe that **Pena Garza** has committed a drug offense with a maximum penalty of ten years or more confinement as prescribed by 21 U.S.C. §§ 841(a) and (b);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Pena Garza's** detention, 18 U.S.C. § 3142(e);

3. That the strength of the Government's case is substantial: (a) that over the course of an investigation lasting about two and one-half years **Pena Garza** was involved in numerous tape recorded phone calls with the leader of the targeted Gonzales drug trafficking organization in which he negotiated drug sales; (b) that it is credible to believe that **Pena Garza** supplied numerous 1,000 pound loads of marijuana during the investigation and was paid in excess of $400,000.000; and (c) that following a wire-tap interception law enforcement officers conducted surveillance on a residence in Brazoria County and observed **Pena Garza** present at the scene of the unloading of the remaining 150 pounds of a marijuana shipment believed to have totaled about 1,000 pounds;

4. That **Pena Garza** has a relevant criminal history: (a) that in 1994, **Pena Garza** was placed on two years of felony probation for possession of marijuana; (b) that despite the 1994 felony conviction **Pena Garza** was again arrested in 2010 for possession of marijuana following a search of his home, after a vehicle containing 200 pounds of marijuana was stopped after leaving his residence, which recovered in excess of $47,000.00 and which resulted in his conviction for a misdemeanor possession of marijuana charge; (c) that before or at the time of his 2010 conviction, the United States initiated removal proceedings against **Pena Garza**, a permanent resident who is a citizen of Mexico, which are still currently pending; and (d) that despite the fortunate disposition of his 2010 criminal charge and the pending removal proceedings, **Pena Garza** continued his involvement in drug trafficking which resulted in the instant Indictment and his current arrest;

5. That by virtue of the foregoing finding, it is reasonble to assume that Pena Garza would continue his drug-trafficking activities were he to be released, <u>United States V. Salerno</u>, 481 U.S. 739 (1987);

6. That based upon the foregoing findings, **Pena Garza** would constitute a danger to the community of released;

7. That **Pena Garza** has not rebutted the presumption of danger established by 18 U.S.C. §3142(e); and

8. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Pena Garza** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Roman Pena Garza,** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that the **Roman Pena Garza, SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Roman Pena Garza,** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas this _____11th_____ day of September, 2013.

_____
John R. Froeschner
United States Magistrate Judge

3